583 A.2d 59

**Daniel H. GLAMMER, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 6, 1990.

Decided Nov. 30, 1990.

Daniel H. Glammer, Jenkintown, for petitioner.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Daniel H. Glammer (claimant) appeals here from a decision and order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits under Section 402(b) of the Unemployment Compensation

Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).[1]

On May 2, 1989, the Office of Employment Security (OES) issued a determination denying benefits to the claimant under Section 402(b) of the Law. The claimant appealed and, following a hearing at which both the claimant and the employer (Strawbridge & Clothier) presented evidence, the referee affirmed the OES determination and denied benefits on June 15, 1989. The claimant then appealed to the Board which issued a decision and order affirming the referee on December 26, 1989. It is from this decision of the Board that the claimant now appeals to this Court.

The claimant contends on appeal that he was denied a fair hearing because his request to have one of the employer's witnesses sequestered during the testimony of other witnesses was not granted.[2] We agree and will remand for a new hearing.

The claimant submitted his letter of resignation to the employer on April 13, 1989, alleging that harassment by his supervisor, Maria Fraga–Delahunty, had made working conditions intolerable. He also alleged that such harassment had been directed toward his co-workers. Original Record Item No. 4, Exhibit 5. At the hearing before the referee, the claimant requested that Fraga–Delahunty be sequestered during the testimony of his co-workers to ensure that they would not be intimidated or coerced by the presence of their supervisor. The referee asked the claimant's co-workers, in the presence of Fraga–Delahunty and two other employer representatives, if they had been threatened with the loss of their jobs regarding their testimony. All of them answered "No". Original Record Item No. 8, Notes of Testimony (N.T.) at 3. Based upon this response, and the referee's categorization of Fraga–Delahunty as an interest-

---

**1.** Section 402(b) of the Law provides in pertinent part that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature ..."

**2.** Due to our resolution of this issue, we need not address the other issues raised by the claimant.

ed party, the referee denied the claimant's request to sequester Fraga–Delahunty.

■ In *Hussar v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 28, 432 A.2d 643 (1981), we stated the manner in which a request for sequestration of a witness should be reviewed.

> In ruling on sequestration of witnesses, a presiding judicial officer weighs the procedural practicalities against the potential prejudice inherent in one witness overhearing another witness's testimony. The primary concern of the respective tribunal in such matters is that the hearing being conducted is conducted fairly. Absent a showing that this fundamental right to a fair hearing has been denied, the presiding officer's denial of a request to sequester witnesses, if it be error at all, is harmless error.

*Id.,* 61 Pa.Commonwealth Ct. at 32–33, 432 A.2d 645–46.

The referee determined that the witnesses for the claimant would not be coerced on the basis of a single question to them as to whether any of them had been threatened with the loss of their jobs. This question, however, was asked in the presence of the very person the claimant alleged had been responsible for the harassment at work. The reason for the claimant's request that Fraga–Delahunty be sequestered goes to the very heart of his allegations concerning her conduct at work. Under these circumstances, we believe that the potential for prejudice far outweighed any practical difficulties her sequestration may have caused.

■ With respect to the referee's comment that he could not sequester Fraga–Delahunty because she was an interested party, we believe he was incorrect. The employer was represented by Mr. Paul Homan, Director of Personnel Service, throughout the course of the hearing. He was responsible for questioning the employer's witnesses and cross-examining the claimant's witnesses. He was also the individual who raised objections to the claimant's evidence during the hearing. Fraga–Delahunty played no significant

part in the presentation of the employer's evidence except for her role as a witness. Therefore, we do not believe that the employer would have been prejudiced had she been sequestered during the testimony of the claimant's witnesses.

Accordingly, because we believe that the presence of Fraga–Delahunty during the testimony of the claimant's witnesses denied him his right to a fair hearing, we must vacate the Board's order and remand for a new hearing.

## ORDER

AND NOW, this 30th day of November, 1990, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the case is remanded with instructions that a new hearing be held in accordance with this opinion.

Jurisdiction relinquished.